UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MR. ROOTER LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Case Number: 6:16-cv-00433 |
| JOHN AKHOIAN, AKHOIAN | § | |
| ENTERPRISES, INC., MRTC, INC., TATS | § | |
| INC., AACA LLC, and ROOTER HERO | § | |
| PLUMBING, INC. | § | |
| | § | |
| *Defendants.* | § | |

PLAINTIFF'S INITIAL COMPLAINT
AND JURY DEMAND

Plaintiff Mr. Rooter LLC ("Mr. Rooter") brings this action for preliminary and permanent injunctive relief, and damages, against its franchisee John Akhoian and his Mr. Rooter franchises: Akhoian Enterprises, Inc., MRTC, Inc., TATS, Inc., and AACA LLC, (collectively "Akhoian"), as well as the competing business Akhoian apparently controls, Rooter Hero Plumbing Inc. ( "Rooter Hero"), based on in violation of his Franchise Agreement and state and federal law..

INTRODUCTION

1.     Mr. Rooter began as a small Oklahoma drain cleaning business in 1970. Since that time, it has grown from humble beginnings into a large and successful franchise plumbing business. Today, there are hundreds of Mr. Rooter franchises around the United States.

2.     A crucial aspect of Mr. Rooter's past and ongoing success has been its reputation as a trusted provider of plumbing services. The Mr. Rooter franchise system is based, in large part, on its strong reputation for offering a high level of customer service in accordance with its

franchise system and code of values. Its system and code of values emphasize respect, integrity, customer focus, and a commitment to fair and transparent pricing. In an industry often plagued by stress and confusion, Mr. Rooter's reputation for offering a high and consistent level of customer service, quality, and value, has allowed it to stand above its competitors and obtain extraordinary success.

3.     John Akhoian became a Mr. Rooter franchisee in 1996. Akhoian and his various corporate entities have for many years now benefitted from the extraordinary reputation of the Mr. Rooter brand, and achieved substantial financial success. Specifically, Akhoian has built a multi-million dollar plumbing business on the strength of the Mr. Rooter franchise system and on the goodwill and extraordinary reputation symbolized by Mr. Rooter's MR. ROOTER® trademark. Akhoian currently operates four separate Mr. Rooter franchises, and all of the associated entities are named as defendants in this action.

4.     Akhoian and his various franchisee entities have all entered into franchise agreements with the plaintiff in this action, Mr. Rooter. Pursuant to these agreements, and in exchange for the benefits of affiliation with Mr. Rooter and for obtaining its proven systems, Akhoian and his entities agreed to (*inter alia*) respect and protect Mr. Rooter's trademarks and other proprietary materials and not to unfairly compete with Mr. Rooter by affiliating with any other competing plumbing business during the term of the Franchise Agreement.

5.     Despite Akhoian's contractual and other legal obligations to safeguard Mr. Rooter's brand and reputation and not to compete with it, on information and belief, Akhoian has secretly controlled and profited from a competing plumbing businesses—Rooter Hero. In order to pursue his goal of building a $50 million plumbing business, Akhoian has, on information and belief, secretly and unlawfully diverted business from Mr. Rooter to this competing plumbing

business Rooter Hero, passing off Rooter Hero's services for Mr. Rooter's, and unfairly profiting from Mr. Rooter's systems and reputation. Moreover, Rooter Hero business is plagued by poor customer service, shoddy workmanship, and predatory pricing. As a result, by passing off Rooter Hero's services for Mr. Rooter's, Defendants harm consumers and the MR. ROOTER® brand by delivering services far below the standards used in a Mr. Rooter franchise business.

6.       Defendants actions are harmful to consumers and threaten irreparable harm to Mr. Rooter's reputation and the goodwill apparent to its MR. ROOTER® and other trademarks. Mr. Rooter therefore brings this action to seek preliminary and permanent injunctive relief against Akhoian and Rooter Hero, ending Defendants wrongful affiliation with Mr. Rooter and awarding Mr. Rooter damages and other appropriate relief.

## PARTIES

7.       Mr. Rooter is a limited liability company organized under Texas law which maintains its principal place of business in Waco, Texas. Mr. Rooter LLC is the successor in interest and new name of the company previously known as Mr. Rooter Corporation

8.       John Akhoian is an individual residing at 11150 Sepulveda Blvd., Suite 2A Mission Hills, CA 91345.

9.       Akhoian Enterprises, Inc. is a California corporation. Its registered agent is John Akhoian, 11150 Sepulveda Blvd., Suite 2A Mission Hills, CA 91345.

10.      MRTC, Inc. is an Arizona corporation with its principal place of business in Tucson, Arizona.  Its registered agent is John Akhoian at 5120 North La Cholla Blvd., Tuscon, AZ 85705.

US.108946300.03

11.     AACA, LLC, a Nevada limited liability company with its principal place of business in Las Vegas, Nevada. Its registered agent is Callister & Frizell, PLLC, 8275 S. Eastern Avenue, Suite 200, Las Vegas, NV 89123.

12.     TATS, Inc. is a California corporation with its principal place of business located in San Jose, California. Its registered agent is John Akhoian, 11150 Sepulveda Blvd., Suite 2A Mission Hills, CA 91345.

13.     Rooter Hero Plumbing, Inc. is a California corporation with a place of business at 15825 State Highway 249, Houston, TX. Its registered agent is Timothy James Hennes at 301 Pruit Rd., #814, Spring, Texas, 77380.

## JURISDICTION AND VENUE

14.     This action arises under, *inter alia*, the Lanham Act, 15 U.S.C. § 1051 *et seq*., and the Copyright Act, 17 U.S.C. § 501 *et seq.* Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial number of events giving rise to the claims asserted in the Complaint occurred in this District and have caused Mr. Rooter harm in this district.

16.     In addition, Mr. Rooter and Akhoian entered into Franchise Agreements in this district wherein they agree to venue in this district. The Agreements provide as follows:

> FRANCHISEE SPECIFICALLY AGREES THAT ANY ACTION ON SUCH DISPUTE SHALL BE FILED IN A FEDERAL OR STATE COURT LOCATED IN WACO, MCLENNAN COUNTY, TEXAS, AND FRANCHISEE HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF SUCH COURTS AND SPECIFICALLY WAIVES ANY OBJECTION IT MAY HAVE TO EITHER THE JURISDICTION OR VENUE OF SUCH COURTS.

US.108946300.03

17.     Defendants are subject to personal jurisdiction here. Akhoian agreed to submit to the jurisdiction of this Court in its Franchise Agreements, and Rooter Hero is registered to do business in the state of Texas and has operations here.

## FACTS COMMON TO ALL CLAIMS

18.     Since 1996, Akhoian and his family have been Mr. Rooter franchisees. In exchange for the benefits of becoming a Mr. Rooter franchise, Akhoian and his business entities agreed in their Franchise Agreements to certain limitations on the use of the Mr. Rooter trademarks, as well as to certain non-compete and non-solicitation provisions. Specifically, Akhoian agreed, among other things:

- That the MR. ROOTER® trademark, and other Marks used in connection with the franchise, are the exclusive property of Mr. Rooter; the Marks cannot be used other than as allowed in the Franchise Agreement—including no use "for the benefit of any business other than the Franchise". Franchise Agreement § 6.A.-C[1]
- Not engage, participate, or derive any benefit from a competitive business. Franchise Agreement § 9.C.1.(a).
- Not divert or solicit any customer, account or business from Franchisor or any other franchisee. Franchise Agreement § 9.C.(e).
- Not to engage "in any business activity which would be detrimental to or interfere with the operation, reputation or goodwill of the Franchise, Franchisor, Franchisor's System or any other franchisee". Franchise Agreement § 5.A.

19.     With the benefit of the Mr. Rooter trademarks, system, and reputation, Akhoian obtained great success as a Mr. Rooter franchisee. But success within the franchise system was apparently not enough for Akhoian. On information and belief, in order to avoid paying royalties to Mr. Rooter while nevertheless obtaining the benefits of the Mr. Rooter franchise system,

---

[1] A copy of the Franchise Agreements between the Akhoian entities and Mr. Rooter are attached to this Complaint as Exhibits A-E.

Akhoian devised a plan to piggyback off the Mr. Rooter system by unlawfully appropriating Mr. Rooter's profits and goodwill to himself.

20.     On information and belief, Akhoian devised, controlled, and obtained profits from a new venture called Rooter Hero, which offers plumbing services in direct competition to Mr. Rooter in the state of Texas and elsewhere.

21.     When Mr. Rooter originally heard of the existence of Rooter Hero in the same marketplace as Akhoian's Arizona franchise, it questioned Akhoian about its existence and whether he was affiliated with it.  Akhoian acknowledged that Rooter Hero was run by his in-laws and shared a call center with one or more of his Mr. Rooter businesses, apparently through a California entity he controls called Mema, LLC. However, Akhoian assured Mr. Rooter that he has no other affiliation with the Rooter Hero business of any kind.

22.     Despite Akhoian's repeated assurances, Mr. Rooter became increasingly suspicious about a possible affiliation between Akhoian's Mr. Rooter franchises and Rooter Hero—an affiliation that would violate his agreements with Mr. Rooter as well as federal law. To that end, Mr. Rooter recently commenced an investigation and learned about a number of troubling connections between Akhoian and Mr. Rooter.

23.     Pursuant to its investigation into Rooter Hero, Mr. Rooter discovered that consumers have apparently been confused by a putative affiliation between Mr. Rooter and Rooter Hero. For example, in a Yelp review Mr. Rooter discovered online, a consumer named "Henry S" claims that he called Mr. Rooter to redeem a Mr. Rooter coupon, but when he called the number for Akhoian's Mr. Rooter franchise, the business somehow wound up with Rooter Hero.  Upon information and belief, Akhoian diverted this business to his competing Rooter

Hero enterprise through his use of a shared called center facility, resulting in actual consumer confusion as to some sort of affiliation between Mr. Rooter and Rooter Hero.



24.    In addition, Mr. Rooter discovered the following brochure, which suggests an affiliation between Mr. Rooter and Rooter Hero by claiming that "Mr. Rooter and Rooter Hero have joined forces":

US.108946300.03



25.   Mr. Rooter's investigation also revealed that Rooter Hero has engaged in a number of unlawful appropriations of Mr. Rooter's intellectual property and goodwill. For example, they have blatantly copied Mr. Rooter's TRENCHLESS intellectual property, including by reproduction of the below-pictured copyright-protected brochures:





US.108946300.03





US.108946300.03

26.     In addition, Rooter Hero has unlawfully made use of the MR ROOTER® trademark, U.S. Trademark Registration Nos. 0933403 and 2688517, including by using the MR ROOTER® mark to direct traffic to his rooterhero.net website, such as shown below.

Mr. Rooter - Sun Valley, CA- Rooter Hero | Plumber - Orange County ...
www.**rooterhero**.net/orange-county-south.nxg ▾
If you're looking for a skilled and reliable plumber, you'll find the quality service you need from **Rooter Hero** Plumbing. We offer service 7 days a week, and we ...

27.     Moreover, Rooter Hero has also unlawfully used the Mr. Rooter trademark HYDROSCRUB®, registered as U.S. Trademark Registration No. 2589108, to offer competing cleaning services, such as shown below.



28.     In view of these apparent connections between Rooter Hero and Akhoian, Mr. Rooter recently hired BDO USA, LLP ("BDO"), an outside accounting firm, to conduct an audit of Akhoian's Las Vegas, Los Angeles, Tuscon, and San Jose locations pursuant to the terms of the following Section 5.L of the Franchise Agreement:

US.108946300.03

Audit. From time to time, during normal business hours, Franchisor shall have the right to examine and copy, at Franchisor's expense, or to otherwise conduct an audit of the Franchise and Franchisee's business records for the purposes of determining Franchisee's compliance with this Agreement. If the results of Franchisor's audit show that Franchisee has underreported Gross Sales in any Report submitted to Franchisor, Franchisee shall pay to Franchisor the amount due on such understated amount (or the amount which Franchisor estimates is due on the understated amount) upon demand, plus interest from the date such amount was due until paid at the highest rate allowed by law. In addition, if Franchisee has understated Gross Sales by three percent (3%) or more, Franchisee shall reimburse Franchisor for its reasonable costs and expenses of such audit, including but not limited to, travel expenses, lodging, the regular wages of any of Franchisor's employees who may conduct such audit, accounting and legal fees and any other ordinary and necessary expenses. The foregoing remedies shall be in addition to any other remedies Franchisor may have.

29.     BDO notified Akhoian of the audits by letter on June 30, 2016, requesting all required documentation to be provided to BDO by July 8, 2016, and that the audits be conducted during the week of July 11, 2016.

30.     In response to BDO's notice, Akhoian delayed and ultimately refused to participate in the audit process in violation of his contractual obligations. Akhoian stated that no one would have access to his financial records.

31.     On July 12, 2016, , BDO visited Akhoian's four franchise locations as well as his centralized accounting and call center offices. Among other things, BDO discovered during these visits that Mr. Rooter and Rooter Hero appear to utilize many of the same resources, including personnel and buildings, at various Akhoian locations. It was also BDO's opinion that the entity called Mema LLC engages in management in connection with both Mr. Rooter and Rooter Hero. Ultimately, however, Akhoian personally refused BDO access to anyone in its accounting department or in its call center, and BDO was escorted out of his centralized offices.

32.     Shortly after the investigation, on or around July 2016, Mr. Rooter confronted Akhoian about the results of the investigation and demanded that he cease his involvement in the

US.108946300.03

operations of Rooter Hero. Since that time, Mr. Rooter and Akhoian have been engaged in settlement discussions. Settlement discussions have recently broken down, prompting this lawsuit.

## CAUSES OF ACTION

### Count 1—Against All Defendants
### Federal Unfair Competition
### (15 USC § 1125(a))

33.     Mr. Rooter repeats, realleges, and incorporates by reference paragraphs 1-32 as if fully set forth herein.

34.     Mr. Rooter owns all right, title, and interest in the MR. ROOTER® trademark, including U.S. Trademark Registration No. 933,403. This '403 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

35.     Defendants have deliberately and willfully attempted to trade on Mr. Rooter's longstanding and hard-earned reputation and goodwill, including in connection with its MR. ROOTER® trademark, by passing off their products and services as those of Mr. Rooter and by diverting customers seeking Mr. Rooter to their competing Rooter Hero business.

36.     In particular, on information and belief, Defendants utilize a single call center to answer the phones for callers to both Mr. Rooter and Rooter Hero businesses in order to divert customers who seek the quality and value promised by the Mr. Rooter brand to the competing Rooter Hero business, which does not offer quality on par with Mr. Rooter standards. Defendants thereby pass off Rooter Hero's inferior services as affiliated with Mr. Rooter, unlawfully appropriating the goodwill associated with the Mr. Rooter business, causing likely and actual consumer confusion, and irreparably harming Mr. Rooter's reputation in the marketplace.

37.     Defendants conduct as described above has also deprived and will continue to deprive Mr. Rooter of the ability to control the consumer perception of its products and services

US.108946300.03

offered under its trademarks, placing the valuable reputation and goodwill of Mr. Rooter in the hands of Defendants.

38.     Defendants conduct is likely to cause and in fact has caused confusion, mistake, and/or deception as to the affiliation, connection, and/or association of Defendants with Mr. Rooter in violation of the Lanham Act.

39.     Defendants had direct and full knowledge of Mr. Rooter's prior use of and rights in its marks. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

40.     As a result of Defendants conduct, Mr. Rooter has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Mr. Rooter in its trademarks. This continuing loss of goodwill cannot be properly calculated or remedied in terms of money damages, and constitutes irreparable harm and an injury for which Mr. Rooter has no adequate remedy at law. Mr. Rooter will continue to suffer irreparable harm unless this Court enjoins Defendants conduct.

### Count 2—Against All Defendants
### Unfair Competition

41.     Mr. Rooter repeats, realleges, and incorporates by reference paragraphs 1-40 as if fully set forth herein.

42.     The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition pursuant to Texas law, including through the passing off Defendants products and services as those of Mr. Rooter and by diverting customers seeking Mr. Rooter to their competing Rooter Hero business.

43.     Defendants acts and conduct as alleged has caused Mr. Rooter commercial damage, as well as the continuing loss of the goodwill and reputation. This continuing loss of

US.108946300.03

goodwill cannot be properly calculated or remedied in terms of money damages, and constitutes irreparable harm and an injury for which Mr. Rooter has no adequate remedy at law. Mr. Rooter will continue to suffer irreparable harm unless this Court enjoins Defendants conduct.

**Count 3—Against All Defendants**
**Infringement of Federally Registered Trademarks**
**(15 USC § 1114(1)(a))**

44.     Mr. Rooter repeats, realleges, and incorporates by reference paragraphs 1-43 as if fully set forth herein.

45.     Mr. Rooter owns all right, title, and interest in the MR. ROOTER® trademark, including U.S. Trademark Registration No. 933,403 in connection with sewer and drain cleaning services. This '403 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

46.     Mr. Rooter owns all right, title, and interest in the HYDROSCRUB® trademark, including U.S. Trademark Registration No. 2,589,108 in connection with cleaning services, namely, a procedure employing high pressure water usage, and numerous and varied types of water machines, to clean drains, concrete areas and grease problems. This '108 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

47.     Defendants have used Mr. Rooter's MR. ROOTER® and HYDROSCRUB® marks in a manner that is likely to cause, and in fact has caused, confusion, mistake, and/or deception as to the affiliation, connection, and/or association of Defendants with Mr. Rooter.

48.     Defendants had both actual and constructive knowledge of the above-referenced trademarks. Defendants adopted, used, and continue to use in commerce Mr. Rooter's federally registered trademarks with full knowledge that their use was infringing. Defendants' actions

Page 15

constitute knowing, deliberate, and willful infringement of Mr. Rooter's federally registered marks. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

49.      As a result of Defendants infringement, Mr. Rooter has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Mr. Rooter in its federally registered marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Mr. Rooter has no adequate remedy at law. Mr. Rooter will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## Count 4—Against Akhoian
## Breach of Contract

50.      Mr. Rooter repeats, realleges, and incorporates by reference paragraphs 1-49 as if fully set forth herein.

51.      Mr. Rooter entered into valid and enforceable agreements with Akhoian (including, as defined, all of John Akhoian's relevant entities).

52.      The Akhoian entities have breached their obligations to Mr. Rooter under these Franchise Agreements, including their obligations:

- Not to use the MR. ROOTER® trademark, and other Marks used in connection with the franchise, used other than as allowed in the Franchise Agreement—including no use "for the benefit of any business other than the Franchise". Franchise Agreement § 6.A.-C
- Not engage, participate, or derive any benefit from a competitive business. Franchise Agreement § 9.C.1.(a).
- Not divert or solicit any customer, account or business from Franchisor or any other franchisee. Franchise Agreement § 9.C.(e).
- Not to engage "in any business activity which would be detrimental to or interfere with the operation, reputation or goodwill of the Franchise, Franchisor, Franchisor's System or any other franchisee". Franchise Agreement § 5.A.

US.108946300.03

53.     All conditions precedent to Plaintiff's right to bring this action and recover the requested relief has been performed, have occurred or been waived.

54.     As a direct and proximate result of the Franchise Defendants breaches, Plaintiff has suffered and will continue to suffer, irreparable harm and damages.

**Count 5—Against Rooter Hero**
**Copyright Infringement**
**(17 U.S.C. § 501)**

55.     Mr. Rooter repeats, realleges, and incorporates by reference paragraphs 1-53 as if fully set forth herein.

56.     Mr. Rooter's brochure for its TRENCHLESS system, as depicted in paragraph 25 above (the "TRENCHLESS Brochure"), is an original work of authorship fixed in a tangible medium of expression which contains original material that is copyrightable and entitled to protection under the Copyright Act, 17 U.S.C. § 101 *et seq.*

57.     Mr. Rooter owns exclusive copyright rights in the TRENCHLESS Brochure and has applied for registration of these copyright rights.

58.     Rooter Hero had access to the TRENCHLESS Brochure through its general availability in the marketplace and/or through Akhoian.

59.     Without authorization or approval, Rooter Hero knowingly, willingly, and unlawfully copied, distributed, and created derivative works of Mr. Rooter's copyrighted TRENCHLESS Brochure and/or portions thereof, thereby infringing Mr. Rooter's copyright rights.

60.     Rooter Hero is aware of Mr. Rooter's copyrights in its TRENCHLESS Brochure. Its infringement therefore is and has been knowing and willful.

US.108946300.03

61.     Rooter Hero has realized, and will continue to realize, unjust profits, gains, and advantages as a proximate result of its infringement as long as such infringement is permitted to continue.

62.     Mr. Rooter is entitled to an injunction restraining Rooter Hero from engaging in any further acts in violation of copyright law.

## JURY DEMAND

63.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mr. Rooter requests a jury trial of all issues that may be tried to a jury in this action.

## PRAYER FOR RELIEF

FOR THESE REASONS, Mr. Rooter prays for an Order and Judgment as follows:

1.     Entry of an order (on a preliminary and permanent basis) requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from:

(a) Using in any unauthorized and/or unlawful manner the MR. ROOTER® trademark, or any name, mark, or other designation, that wholly incorporates the MR. ROOTER® trademark, or is confusingly similar to, or a colorable imitation of, this mark;

(b) Using in any unauthorized and/or unlawful manner the HYDROSCRUB® trademark, or any name, mark, or other designation, that wholly incorporates the HYDROSCRUB® trademark, or is confusingly similar to, or a colorable imitation of, this mark;

(c) Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers as to Mr. Rooter products or services,

including any act or thing that suggests an affiliation between Mr. Rooter and Rooter Hero, using or displaying the Mr. Rooter trademarks in a false and/or deceptive manner, passing off one company's services for the others, and/or doing any act or thing likely to cause confusion or mistake in the minds of members of the public with respect to Mr. Rooter's products and/or services;

(d) Copying, distributing, and/or using in any unauthorized way Mr. Rooter's copyrighted TRENCHLESS Brochure and/or portions thereof; and

(e) Engaging in any further acts of infringement, or any other unlawful conduct, as alleged herein.

2.    Entry of an order (on a preliminary and permanent basis) requiring that Akhoian and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from engaging in, participating in, or deriving any benefit from any business that competes with the Mr. Rooter franchise business, including but not limited to Rooter Hero, and from diverting or soliciting any customer, account, or business from the Mr. Rooter franchise business to any competing business, including but not limited to Rooter Hero.

3    Directing Defendants to provide an accounting of profits made by Defendants as a result of Defendants' unlawful conduct;

4.    Ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon within thirty (30) days after entry of the injunction a written report under oath describing in detail the manner and form in which Defendants have complied with the injunction, including ceasing all use of the name, marks, and other intellectual property set forth above;

US.108946300.03

5.      Ordering Defendants to pay a judgment in the amount of Mr. Rooter's actual damages under federal and state law, as well as Defendants' profits, and pre- and post-judgment interest, and/or liquidated damages, in an amount to be proven at trial;

6.      Ordering Defendants to pay Mr. Rooter's reasonable attorneys' fees and costs of this action;

7.      Ordering Defendants to pay a judgment for enhanced damages under 15 U.S.C. § 1117 and punitive damages under state law as appropriate; and

8.      Granting Mr. Rooter such other and further relief as the Court deems just and proper.

Dated: November 15, 2016

Respectfully submitted,

**DUNNAM & DUNNAM, L.L.P.**

  /s/ Jim Dunnam_____
Jim Dunnam
State Bar No. 06258010
4125 West Waco Drive
Waco, Texas 76710
Telephone: (254) 753-6437
Facsimile: (254) 753-7434
E-Mail: jimdunnam@dunnamlaw.com

Kerry Bundy
(Mtn. *Pro Hac Vice* Forthcoming)
Peter M. Routhier
(Mtn. *Pro Hac Vice* Forthcoming)
**FAEGRE BAKER DANIELS**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
E-Mail: kerry.bundy@faegrebd.com
E-Mail: peter.routhier@faegrebd.com

**Attorneys for Plaintiff**

US.108946300.03